UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RONALD SMITH, Successor Trustee under
the James W. Coops Trust,

                          Plaintiff,                   FINDINGS OF FACT AND
                                                                    CONCLUSIONS OF LAW

   -against-

                                                                     CV 10-1483 (LDW) (ARL)

PRUCO LIFE INSURANCE COMPANY
OF NEW JERSEY,

                          Defendant.
----------------------------------------------------------X
WEXLER, District Judge

      Plaintiff Ronald Smith, as successor trustee under the James W. Coops Trust, brings this action, removed from state court, against defendant Pruco Life Insurance Company of New Jersey ("Pruco") to recover under a term life insurance policy on the death of the insured decedent, Michael Coops ("Coops"). At a bench trial, the parties agreed to the undisputed facts and presented argument. The Court, having reserved decision, now makes these findings of fact and conclusions of law.

## FINDINGS OF FACT

      During July 2007, Coops applied for a $1 million term life insurance policy from Pruco (the "Policy"), providing application information to Pruco telephonically. On September 7, 2007, Coops learned that he was diagnosed with Stage IV colon cancer. Meanwhile, upon completing a review to determine whether to issue Coops a policy, Pruco delivered the Policy to Coops on September 29, 2007, with an attached unsigned Policy application. Pruco completed that unsigned Policy application based on the application information previously provided by

Coops.  The Policy specified a "Contract Date" of August 27, 2007, one day before Coops' 50th birthday on August 28, 2007.  The Policy defines the "Contract Date" as the "Issue date," making the "Issue Age" of the Policy 49.  According to Pruco, insurance premiums generally increase as an insured ages, so Pruco uses a process of "saving age" to give an applicant the advantage of his or her lower age at the time of application if the applicant's birthday falls after the application is made but before the Policy is delivered and the first premium paid.  On September 27, 2007, Coops signed a copy of the Policy application, which copy was substantially identical to the unsigned application attached to the delivered Policy.  Indeed, the only difference between the copy signed by Coops and the one attached to the delivered Policy is that Coops corrected his address on the first page prior to signing it.  Notably, the Policy application contained an "unchanged health" condition precedent to coverage, requiring that the applicant's health "remains as stated in the application" between the date of the application and until the Policy is "issued, delivered and . . . accept[ed]" and the "first premium is paid in full."

     Coops paid premiums on the Policy until his death, due to colon cancer, on April 18, 2009.  Coops never disclosed his colon cancer diagnosis to anyone at Pruco before he died.  Following Coops' death, Pruco learned through a routine review that Coops had been diagnosed with colon cancer before he accepted delivery of the Policy.  Consequently, Pruco denied plaintiff's claim for Policy benefits, rescinded the Policy, and returned Coops' premium payments.  Pruco would not have issued the Policy to Coops had it known of Coops' colon cancer diagnosis prior to delivering the Policy.

## DISCUSSION AND CONCLUSIONS OF LAW

Pruco argues that the undisputed facts demonstrate that Coops made a material misrepresentation concerning his application for the Policy, and that Pruco properly rescinded the Policy and denied payment. Pruco maintains that the only issues for the Court are (1) whether the unsigned application attached to the delivered Policy was a "true copy" of the application under New York Insurance Law § 3204(a)(2), which bars admission in evidence of a life insurance application unless a "true copy" was attached to the policy when issued, *see* N.Y. Ins. Law § 3204(a)(2) (McKinney 2006); (2) whether the change in Coops' health between the application for and delivery of the Policy constituted a failure of the "unchanged health" condition precedent to coverage in the Policy application, such that the Policy never came into effect; and (3) whether, absent the application, Coops' conceded failure to disclose his colon cancer diagnosis to Pruco violated an affirmative duty to disclose material health information to Pruco.

Plaintiff argues that the attached Policy application was not a "true copy" under § 3204(a)(2), and, therefore, it is not admissible in this action. Consequently, according to plaintiff, Pruco may not rely on any condition precedent to coverage in the Policy application, including the purported "unchanged health" condition precedent. Thus, plaintiff argues, the Policy became effective, at the latest, when it was delivered on September 27, 2007, because no "unchanged health" condition precedent existed and because Coops had no obligation to disclose any such change in his health condition. In any event, plaintiff argues that the Policy became effective as of the "Issue date," August 27, 2007, before Coops learned of his colon cancer diagnosis.

The Court concludes that the copy of the application attached to the Policy at delivery was a "true copy" of the application for purposes of § 3204(a)(2). *See Hidary v. Maccabees Life Ins. Co.*, 591 N.Y.S.2d 706 (Sup. Ct., Kings Cnty. 1992). In *Hidary*, the court held that an unsigned, transcribed application, reproduced from an original application, satisfied the "true copy" requirement of § 3204(a)(2). The court identified two purposes of the statute: (1) insuring that the policyholder is provided with everything that the insurer relies on in issuing the policy, that is, the entire agreement of the parties; and (2) providing the applicant with an opportunity to review the information in the application and correct it. *Id.* at 709-10; *see Minsker v. John Hancock Mut. Life Ins. Co.*, 254 N.Y. 333, 338 (1930); *Archer v. Equitable Life Assur. Soc'y of U.S.*, 218 N.Y. 18, 22-25 (1916). The court also looked to Black's Law Dictionary for the definition of a "true copy," *id.* at 709 (citing Black's Law Dictionary 1508 (6th ed.)), which was substantially similar to the current definition: "A copy that, while not necessarily exact, is sufficiently close to the original that anyone can understand it," Black's Law Dictionary 385 (9th ed. 2009). Furthermore, the court held that § 3204(a)(2) does not require that the copy of the application annexed to the policy be signed. *See Hidary*, 591 N.Y.S.2d at 709; *accord Allianz Life Ins. Co. of Am. v. Estate of Bleich*, Civil Action No. 08-668 (SDW) (MCA), 2012 WL 714686, slip op. **8-11 (D. N.J. Mar. 5, 2012) ("Defendants make much ado about the fact that the telephone application and Amendment were unsigned when the policy was issued on November 15, 2005. [Defendants'] contention that the application must be signed and attached to the policy at the time of issuance is not supported by the plain language of N.J. Stat. Ann. § 17B:24-(a). The statute provides that a copy of the application either be endorsed upon *or* attached to the policy at the time of issuance. It does not require that both be done." (citation

omitted; emphasis in original)). Ultimately, the court found that the "true copy" requirement was satisfied because the unsigned, transcribed copy "can be understood by the applicant as though it were the original," and because it provided the applicant with an opportunity to review the information in the application and correct any misstatements. *See Hidary*, 591 N.Y.S.2d at 709-10.

Plaintiff argues that a Fourth Department case, *Blatz v. Travelers Ins. Co.*, 68 N.Y.S.2d 801 (4th Dep't 1947), suggests that an unsigned application that is attached to the policy at the date of issue is inadmissible. In *Blatz*, an insurer delivered an unsigned copy of a rider to a policy, albeit two days after the policy was delivered. *See id.* at 804-05. The insurer argued that the rider formed part of the contract, in that it satisfied the requirements of a predecessor statute to New York Insurance Law § 3204(a)(1) that required a copy to be endorsed upon or attached to the policy when issued. *See id.* Although the insured ultimately signed the rider to the policy, the court rejected the insurer's argument because the copy of the rider was not endorsed or attached to the policy when it was issued. *See id.* at 806. The failure to attach the rider to the policy when it was issued was fatal to the insurer's position. Thus, plaintiff's reliance on *Blatz* is misplaced. *See Allianz*, 2012 WL 714686, slip op. *10 (rejecting argument that *Blatz* suggests that unsigned application attached to policy at date of issue is inadmissible).

Here, the unsigned application attached to the delivered Policy served the purposes of § 3204(a)(2) and constituted a "true copy." *See Hidary*, 591 N.Y.S.2d at 709; *accord Allianz*, 2012 WL 714686, slip op. **8-11 (concluding that under New Jersey statute, similar to § 3204(a)(2), unsigned telephone application and unsigned amendment attached to issued policy are admissible and insured's misrepresentation in either document is basis to void policy). The

unsigned application was prepared based on the information Coops provided to Pruco. Coops should have understood it as though it were an original, presenting the information Pruco relied on in issuing the Policy. At that point, Coops was presented with the opportunity to review and correct the application. In fact, Coops corrected only his address on the first page when he signed a copy of that application on September 27, 2007. Under the circumstances, the Court finds that the unsigned application attached to the delivered Policy satisfies the "true copy" requirement for admissibility, and is properly admitted in evidence.

As noted, the Policy application contained an "unchanged health" condition precedent to coverage. Under New York law, if an application for insurance contains a condition precedent to coverage requiring that the applicant's health remain the same between the date of the application and delivery of the policy and collection of the premium, a change in the applicant's health constitutes a failure of the condition precedent, and the policy will not take effect. *See*, *e.g.*, *Berger v. Manhattan Life Ins. Co.*, 805 F. Supp. 1097, 1107-08 (S.D.N.Y. 1992) ("Under New York law, an insurer may require – as a condition precedent to coverage becoming effective under a policy – that there be no change in the insured's health between the date of application and the date of delivery of the policy and collection of the premium.").

Here, Coops remained silent about his colon cancer diagnosis when Pruco delivered the Policy to him. It is undisputed that this information was material to Pruco's decision to issue the Policy. Indeed, the parties have stipulated that Pruco would not have issued the Policy to Coops had it known of Coops' colon cancer diagnosis prior to delivering the Policy. As such, the change in Coops' health condition before the Policy was delivered constituted a failure of the express condition precedent to coverage, and the Policy did not become effective. *See*, *e.g.*, *id.*

(holding that where applicant was hospitalized with hepatic encephalopathy between time he completed insurance application and delivery of policy, condition precedent was not satisfied and "no insurance policy ever came into effect").  Contrary to plaintiff's argument, the condition precedent specifically applies until the Policy is "issued, delivered and . . . accept[ed]" and the "first premium is paid in full."  Although the Policy's "Issue date" is August 27, 2007, the Policy was not delivered to Coops, and the first premium was not paid, until September 29, 2007 – by which point Coops had already learned of his colon cancer diagnosis.

Accordingly, plaintiff's claim for recovery under the Policy is denied and the complaint is dismissed.[1]

## CONCLUSION

For the above reasons, the Court finds for defendant Pruco and dismisses the complaint. The Clerk of Court is directed to enter judgment and to close the file.

SO ORDERED.

_____/s/_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
July 5,  2012

---

[1] Given this determination, the Court need not reach Pruco's argument that, even in the absence of the application, Coops' conceded failure to disclose his colon cancer diagnosis to Pruco prior to September 27, 2007 violated an affirmative duty to disclose material health information to Pruco.